# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Antonio Kinloch, ) | |
| ) | Civil Action No.: 2:16-cv-03773-MBS |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Cecelia Reynolds, Warden, ) | |
| ) | |
| Respondent. ) | |
| ) | |

On November 30, 2016, Petitioner Antonio Kinloch ("Petitioner"), proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Petitioner is currently a state prisoner incarcerated at Lee Correctional Institution in Bishopville, South Carolina. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Mary Gordon Baker for pretrial handling. This matter is before the court on the Magistrate Judge's Report and Recommendation ("Report") filed January 17, 2017. ECF No. 13.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On June 14, 1995, Petitioner was sentenced to life imprisonment upon conviction of murder in the Court of General Sessions for Charleston County, South Carolina. ECF No. 1 at 1. Petitioner timely filed a direct appeal. On April 22, 1997, the South Carolina Supreme Court dismissed Petitioner's appeal. *See Kinloch v. Maynard*, No. 8:02-cv-3414-MBS-BHH (ECF No. 26, Order detailing procedural history). On August 19, 1997, Petitioner filed for state post-conviction relief, claiming ineffective assistance of counsel. *See Kinloch v. State*, Charleston County, No. 97-CP-10-3996. Petitioner's request for relief was denied. Petitioner then appealed.

On August 8, 2001, the South Carolina Supreme Court denied Petitioner's writ of certiorari. ECF No. 13 at 3. Remittitur was sent to the Court of Common Pleas on August 28, 2001. *Id.*

On October 11, 2002, Petitioner filed an untimely federal petition for habeas corpus. *See* No. 8:02-cv-3414-MBS-BHH, ECF No. 1. The one year period of limitations under 28 U.S.C. § 2244(d) had already expired, but Petitioner argued that the limitations period should be equitably tolled because of his placement in administrative segregation during 2001-2002. *Id*. On February 19, 2004, this court rejected Petitioner's argument, and dismissed his petition with prejudice. *See* No. 8:02-cv-3414-MBS-BHH, ECF No. 27.

On November 30, 2016, Petitioner filed the underlying petition for writ of habeas corpus, claiming that equitable tolling should again apply. ECF No. 1. Petitioner acknowledges that his petition is time-barred; however, he requests "leniency and mercy" citing various illnesses, medical procedures, and a general fear of violence as reasons for his untimely filing. ECF No. 1 at 13-15.

## II. LEGAL STANDARDS

### A. *Liberal Construction of Pro Se Claims*

The court is required to construe *pro se* pleadings liberally. *See*, e.g., *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990).

### B. *Magistrate Judge Review*

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). This court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

### III.    ANALYSIS

In the Report, the Magistrate Judge recommends that Petitioner's § 2254 petition be summarily dismissed without prejudice as it is an unauthorized successive petition. ECF No. 13 at 1. Specifically, the Magistrate Judge finds, "Petitioner does not indicate, and the record does not reflect, that he has sought authorization from the Fourth Circuit Court of Appeals to file this successive petition." *Id.* at 4. As a result, the Magistrate Judge concludes that the court has no jurisdiction over Petitioner's § 2254 petition.

In his objections to the Report, Petitioner requests that his case be heard despite his untimely filing because he "went through a mental health breakdown and was lost for a while . . . [and his] knowledge of the law is limited." ECF No. 15 at 7.

As the Magistrate Judge notes, "For a petition to qualify as second or successive, the dismissal of the prior habeas petition must have been "on the merits." ECF No.13 at 4 (citing *Slack v. McDaniel*, 529 U.S. 473, 485–89 (2000); *Harvey v. Horan*, 278 F.3d 370, 379-80 (4th Cir. 2002), *abrogated* on other grounds by *Skinner v. Switzer*, 562 U.S. 521, 524 (2011)).

Dismissal for failure to file within the one-year statute of limitations is considered a dismissal "on the merits." *Harvey,* 278 F.3d at 380. Petitioner's first habeas petition was dismissed because the one year statute of limitations had expired. Accordingly, Petitioner's subsequent § 2254 petitions attempting to once again challenge his murder conviction are considered to be second or successive.

A successive motion filed under § 2254 must be certified by a panel in the appropriate court of appeals. 28 U.S.C. § 2244(b)(3)(A). A defendant is required to file a motion in the appropriate court of appeals requesting an order authorizing the district court to consider the application. *Id.* Once the motion is filed, a three-judge panel in the appropriate appeals court has thirty days to grant or deny the authorization. *Id*. at § 2244(b)(3)(C)-(D). The denial of the authorization is not appealable and cannot be the subject of a petition for rehearing or for a writ of certiorari. *Id.* at § 2244(b)(3)(E).

Petitioner has not received authorization from the United States Court of Appeals for the Fourth Circuit to file a successive petition pursuant to § 2254 in this court. As a result, the court lacks jurisdiction to address Petitioner's claims. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007).

## IV. CONCLUSION

For the foregoing reasons, the court adopts the Magistrate Judge's Report and Recommendation. Petitioner's writ of habeas corpus pursuant to 28 U.S.C. § 2254, ECF No. 1, is hereby **DENIED** and **DISMISSED WITHOUT PREJUDICE.** Petitioner may file a motion to seek permission from the Fourth Circuit Court of Appeals to file a successive petition, should he choose to do so.

4

## CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Rose v. Lee*, 252 F.3d 676, 683–84 (4th Cir. 2001). The court concludes that Petitioner has not made the requisite showing. Accordingly, the court **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

/s/ **Margaret B. Seymour**
Margaret B. Seymour
Senior United States District Judge

Charleston, South Carolina
August 18, 2017